IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| CELESTE BURNS EDMAN, an individual, aka CELESTE MICHELLE BURNS,<br><br>   Plaintiff,<br><br>  v.<br><br>NATIONSTAR MORTGAGE LLC, a Delaware limited liability company and FEDERAL NATIONAL MORTGAGE ASSOCIATION, a congressionally chartered government-sponsored entity of the United States,<br><br>   Defendants. | Case No. 6:15-cv-00053-AA<br><br>OPINION AND ORDER |

Terry Scannell
Law Office of Terry Scannell
7128 SW Gonzaga Street
Suite 220
Portland, OR 97223
  Attorney for Plaintiff

Kimberley Hanks McGair
Farleigh Wada Witt, PC
121 SW Morrison Street
Suite 600
Portland, OR 97204
  Attorney for Defendants

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff Celeste Burns Edman moves pursuant to Federal Rules of Civil Procedure 26, 34, and 45 for an order compelling defendants Nationstar Mortgage, LLC ("Nationstar") and Federal National Mortgage Association ("Fannie Mae") to produce documents responsive to Plaintiff's First Request for Production of Documents. For the reasons set forth below, plaintiff's motion to compel is GRANTED in part and DENIED in part.

## BACKGROUND

Plaintiff's claims arise out of a dispute regarding defendants' handling of plaintiff's first mortgage Deed of Trust and Note ("loan"). Nationstar is plaintiff's loan servicer and Fannie Mae is the holder of the note and beneficiary of plaintiff's loan.

In January 2015, plaintiff filed a complaint against defendants asserting breach of contract, breach of the covenant of good faith and fair dealing, intentional interference with an economic relationship, promissory estoppel, violation of Oregon's Unlawful Trade Practices Act ("UTPA"), and common law fraud. Plaintiff alleges that Nationstar engaged in a series of acts and omissions that were purposefully calculated to keep plaintiff in a state of default on her loan. Plaintiff maintains that defendants' dishonest practices were not exclusive to her loan; rather, they were part of Nationstar's business plan. Plaintiff further alleges Nationstar refused to sign a permanent final loan modification despite agreeing to do so in exchange for plaintiff's promise to forgo a civil jury trial in state court.

Page 2 - OPINION AND ORDER

On November 6, 2015, plaintiff filed a motion to compel documents responsive to Plaintiff's First Request for Production of Documents served on Nationstar and Fannie Mae on July 2, 2015.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 26 authorizing parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense," was amended effective December 1, 2015. Fed. R. Civ. P. 26(b)(1). The amendment is designed to promote proportional discovery: that is, discovery tailored by the judge and the parties to meet the reasonable needs of the case. Proportional discovery provides the information needed by the litigants to prove their cases, but avoids excess and waste.

"Once the moving party establishes that the information requested is within the scope of permissible discovery, the burden shifts to the party opposing discovery. An opposing party can meet its burden by demonstrating that the information is being sought to delay bringing the case to trial, to embarrass or harass, is irrelevant or privileged, or that the person seeking discovery fails to show need for the information." Boston Scientific Corp. v. Lee, No. 5:14-MC-80188-BLF-PSG, 2014 WL 3851157, at *4 (N.D. Cal. Aug. 4, 2014)(internal quotations omitted). The nonmoving party must be protected if the discovery requests seek privileged or protected information or subject the nonmoving party to an undue burden. Callwave Commc'ns, LLC v. Wavemarket, Inc., No. C14-80112JSW(LB), 2014 WL 2918218, at *2 (N.D. Cal. June 26, 2014)(citing Fed. R. Civ. P. 45(d)(3)(A)-(B)).

Page 3 - OPINION AND ORDER

**DISCUSSION**

Plaintiff moves to compel the following documents from defendants.

I. Plaintiff's Requests to Nationstar

A. Request 1(A)

Request 1(A) seeks Nationstar's business strategies, analysis, and plans from 2008 to 2015. Plaintiff maintains that such documents are relevant because they will show whether Nationstar's business strategies conform with the terms set forth in plaintiff's loan documents and the Servicing Guidelines; whereas a discrepancy would evidence Nationstar's pattern and practice of bad faith including potential violations of UTPA. Specifically, plaintiff maintains that the documents requested will shed light on whether Nationstar engaged in a pattern and practice of creating loan "defaults by design" or has "engineered incompetence" through practices such as refusing to reinstate plaintiff's automatic payment plan, insisting plaintiff make payments through particular payment service providers, changing plaintiff's monthly amount due, advising plaintiff to ignore mailings informing her she was in default, holding back plaintiff's payments out of concern that she may not be able to make future payments, and changing the address where payments were to be mailed.

Nationstar objects to Request 1(A) on the grounds that it is overbroad and vague.

The Court agrees with Nationstar that the request for "business strategies, analysis and plans" is overbroad. However, to the extent

Page 4 - OPINION AND ORDER

Nationstar maintains non-privileged documents containing guidelines or procedures for loan modifications, such documents shall be produced.

B. Request 1(B)

Request 1(B) seeks documents concerning Nationstar's yearly budget plan as it relates to revenue earned from fees charged to customers who make payments by phone, Western Union, or MoneyGram. Plaintiff maintains that such documents are relevant to her theory that Nationstar requires customers to use these payment services in order to earn higher profits and provide support for her claims of bad faith, fraud, and violations of UTPA.

Nationstar objects to Request 1(B) on the grounds that it is vague, overbroad, unduly burdensome, and seeks confidential and irrelevant information, especially given Nationstar's position that plaintiff was not forced to make loan payments by phone, Western Union, or MoneyGram.

Whether plaintiff was forced to pay by particular methods is a factual question. Plaintiff asserts that Nationstar only accepted her loan payments if they were made by MoneyGram or Western Union, which contributed to her falling into default status. Pl.'s Mot. at 2. The Court, therefore, finds the information sought in request 1(B) is relevant and discoverable. To the extent Nationstar has responsive documents showing the revenue earned from fees charged to customers who make payments by phone, Western Union, or MoneyGram, they shall be produced, subject to protective order if Nationstar so chooses.

C. Request 9

Request 9 seeks Nationstar's policies or written material pertaining to how monthly loan statement amounts are calculated. Plaintiff maintains that such documents are relevant because they show Nationstar's method for calculating monthly statement amounts, how payments received are applied to a loan, and why payments are rejected.

Nationstar objects to Request 9 on the grounds that it is vague and confusing. Nationstar asserts that the monthly amount due on the loan is governed by the promissory note and the deed of trust, and these documents also dictate how payments shall be applied to the loan.

Based on defendants' representations[1], the Court agrees with Nationstar that information on the monthly amount due and application of payments to the loan can be found in the parties' contracts, namely in the promissory note and trust deed. However, to the extent Nationstar has policies regarding how a payment is applied to a loan based on a particular payment status such as past due, default, or overpayment, such documents shall be produced.

D. Request 16

Request 16 seeks invoices detailing the legal expenses incurred by Nationstar in connection with plaintiff's loan default. Specifically, plaintiff requests a break down of when and why $5,551.83 in legal expenses was added to her mortgage balance.

Nationstar maintains that the requested foreclosure invoices

---

[1] See Defs.' Resp. at 7-8.

were produced to plaintiff on November 6, 2015.

The Court finds documents sought in Request 16 relevant and discoverable. Thus, to the extent Nationstar has not already done so, Nationstar shall produce invoices detailing the legal services rendered in connection with plaintiff's loan and charged against her mortgage in the amount of $5,551.83.

E. Request 17

Plaintiff states that defendants represent that as of April 20, 2015, plaintiff was $79,153.22 behind on her mortgage. Request 17 seeks a full accounting of how that amount was accrued.

Nationstar responds it has previously complied with Request 17 by producing a "Detail Transaction History" for plaintiff's loan showing all debts and credits applied to the loan through June 24, 2015. Nationstar represents that it does not possess a document that breaks down the $79,153.22 sum in the manner plaintiff seeks, and is not required to create such a document. Defs.' Resp. at 8.

The court relies on Nationstar's representation regarding the Detail Transaction History, therefore, plaintiff's motion to compel as to this request is denied. If, however, documents exist that provide additional detail beyond the debit and credit amount, i.e. a short narrative of the transaction, such documents shall be produced.

F. Request 18

Request 18 seeks documents relating to customer service scripts or guidelines that Nationstar's customer service team use during communications with customers regarding loan modifications. For

example, plaintiff seeks the scripted responses to a customer question about an application for the loan modification program, the status of a loan modification application, or the appeal of a loan modification decision. Plaintiff maintains that opposing counsel represented that responsive documents exist and would be produced, but plaintiff has yet to receive anything. Pl.'s Mot. at 10.

Nationstar's counsel maintains that it has received responsive documents from its client and intends to produce such documents by November 30, 2015. Defs.' Resp. at 9. Thus, there appears to be no dispute over Request 18; Nationstar shall produce the responsive documents if it has not already done so.

G. Request 19

Request 19 seeks all materials, manuals, and guidelines used by Nationstar to train its agents or employees on how to communicate with customers, including when to escalate a customer communication to a senior customer service member.

Nationstar maintains that it anticipates producing responsive materials by November 30, 2015. Defs.' Resp. at 9. Thus, there appears to be no dispute over Request 19; Nationstar shall produce the responsive documents if it has not already done so.

H. Request 22

Request 22 seeks documents that summarize or aggregate data reflecting the percentage of homes that were serviced and/or foreclosed by Nationstar and sold by Solutionstar. The request also seeks documents relating to Nationstar's means and methods of obtaining foreclosed housing inventory to sell through Solutionstar.

Plaintiff maintains that such data is relevant to her claim of bad faith, fraud, and violations of UTPA because it will show Nationstar's pattern and practice of foreclosing on homes to benefit Solutionstar, in order to provide enough foreclosed properties for Solutionstar to remain profitable.

Nationstar objects on the grounds that Request 22 is overbroad, vague, nonsensical, and not likely to lead to the discovery of admissible evidence because plaintiff's property has not been foreclosed. Defs.' Resp. at 2. Further, Nationstar contends that plaintiff's attempt to expand the scope of permissible discovery by trying "the industry" rather than the claims plead in her complaint is impermissible.

The Court finds Nationstar's arguments persuasive and constrains the scope of discovery to documents and information relevant to the claims currently plead in plaintiff's complaint. Accordingly, plaintiff's motion to compel documents responsive to Request 22 is denied.

II. Plaintiff's Request to Fannie Mae

Request 1 seeks documents relating to internal audits, inspector general reports, reports to Congress or to the FHFA that relate to Nationstar's performance as a loan servicer and Nationstar's performance in providing loan modifications to loans held by Fannie Mae. Plaintiff contends that these documents are relevant to its claims of bad faith, fraud, and violations of UTPA, and will help confirm or deny a pattern and practice by Nationstar of regularly denying loan modifications as it allegedly did with

plaintiff.

Fannie Mae objects to the documents requested on the grounds that the request is vague, ambiguous, overbroad, unduly burdensome, seeks irrelevant information, and contains confidential and proprietary information. Fannie Mae, like Nationstar, emphasizes that plaintiff's right to discovery is limited in scope by the claims made in her complaint and the elements of those claims, and thus, does not reach the documents sought in Request 1.

The Court agrees with Fannie Mae that the documents requested are not within the scope of permissible discovery and some of the documents are likely protected. Thus, plaintiff's motion to compel as to Request 1 is denied.

## CONCLUSION

For the reasons set forth above, plaintiff's motion to compel (doc. 22 & 23) is GRANTED as to Requests 1(B), 16, 18, and 19 to Nationstar; DENIED as to Requests 1(A), 9, 17, and 22 to Nationstar; and DENIED as to Request 1 to Fannie Mae.

IT IS SO ORDERED.

Dated this 11th day of December 2015.

_____
Ann Aiken
United States District Judge